IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARNEY O. LYONS,

      Plaintiff,                          No. CIV S-06-2339 FCD DAD P

      vs.

ALVARO TRAQUINA, et al.,          <u>ORDER AND</u>

      Defendants.                   <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action seeking relief under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's complaint and in forma pauperis application were filed in the United States District Court for the Northern District of California on August 29, 2006. The case was transferred to the United States District Court for the Eastern District of California on October 24, 2006. The proceeding has been referred to the undersigned in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        On August 29, 2006, the Clerk of the Court for the Northern District of California notified plaintiff of deficiencies in his application to proceed in forma pauperis. On September 8, 2006, plaintiff filed a new application to proceed in forma pauperis. The new application makes the showing required by 28 U.S.C. § 1915 and will be granted.

1   Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See
2 28 U.S.C. §§ 1914(a) & 1915(b)(1).  Plaintiff was without funds when he filed this action and
3 had been without funds for six months prior to that date.  Accordingly, the court will not assess
4 an initial partial filing fee.  See 28 U.S.C. § 1915(b)(1).  Plaintiff will be obligated to make
5 monthly payments of twenty percent of the preceding month's income credited to plaintiff's
6 prison trust account.  These payments will be collected and forwarded by the appropriate agency
7 to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the
8 $350.00 filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

9   The court is required to screen complaints brought by prisoners seeking relief
10 against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.
11 § 1915A(a).  Pursuant to the screening requirement, the court must dismiss a prisoner's claims if
12 they are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or
13 seek monetary relief from defendants who are immune from such relief.  28 U.S.C.
14 § 1915A(b)(1) and (2).  Similarly, when any plaintiff seeks leave to proceed in federal court in
15 forma pauperis, the court is required to dismiss the case if the court determines that the action is
16 frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary
17 relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

18   In the present case, plaintiff is a state prisoner confined in California State Prison,
19 Solano.  His claims arose at that institution and concern medical treatment for his left shoulder.
20 The three defendants are Alvaro Traquina, Chief Medical Officer; Daniel Thor, Chief Physician
21 and Surgeon; and John Kofoed, an orthopedic surgeon who recently resigned.  Plaintiff seeks an
22 order requiring prison officials to (1) send him to an orthopedic specialist at the University of
23 California, Davis to complete the medical procedure needed to repair his left shoulder and (2)
24 provide proper therapy and aftercare for the shoulder.  Plaintiff also seeks monetary damages.

25   In a letter submitted with his complaint, plaintiff states that "[t]his same case now
26 exists in the Superior Court of Solano, case number FCS025787 (civil), Lyons v. Kofoed, et al."

(Letter filed Aug. 29, 2006.)  Plaintiff indicates that the state court "has held the doctor who performed surgery to negligence, intentional tort . . . medical battery for performing a surgery without my consent."  (Id.)  Plaintiff inquires whether his case can proceed in state and federal courts at the same time.  He also requests guidance on what to do next.

"Plaintiffs do not have the right actively to pursue parallel state and federal actions simultaneously."  Ollie v. Riggin, 848 F.2d 1016, 1017 (9th Cir. 1988).  In such cases, "it is appropriate in some cases, and not uncommon, for one forum to stay proceedings pending the outcome in the other forum."  Rutledge v. Arizona Bd. of Regents, 859 F.2d 732, 736 (9th Cir. 1988).  Here, plaintiff is actively pursuing the same claims, or some of the same claims, in an earlier filed state court action and in this federal court action.  The proper procedure is for this court to stay the federal action until the parallel state action has concluded, at which point plaintiff may proceed in this court on any claims alleged in this action that were not presented to the state court.  In order to avoid piecemeal litigation of this action, the undersigned will recommend that this action be stayed pending final disposition of the state court proceedings.

Accordingly, IT IS ORDERED that:

1.  Plaintiff's application to proceed in forma pauperis (docketed as #2) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

IT IS RECOMMENDED that:

1.  This action be stayed pending final disposition of the action filed by plaintiff in state court raising some or all of the claims alleged in this action; and

2.  Plaintiff be directed to file a motion to lift the stay of this action within thirty days after final resolution of his state court action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 4, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
lyon2339.stay