IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARNEY O. LYONS,

    Plaintiff,                                No. CIV S-06-2339 FCD DAD P

    vs.

ALVARO TRAQUINA, et al.,

    Defendants.                          ORDER

_____/

        On July 9, 2008, this court issued findings and recommendations, recommending dismissal of this action for plaintiff's failure to comply with Local Rule 83-182(f), which requires that a party appearing in propria persona inform the court of any address change. On July 14, 2008, plaintiff informed the court that he was in the hospital undergoing hip replacement surgery. Good cause appearing, the court will vacate its findings and recommendations.

        Plaintiff has also requested an extension of time and appointment of counsel. Plaintiff is advised that he is under no current obligation to submit a filing to the court. Accordingly, plaintiff's request for an extension of time will be denied as unnecessary. In addition, plaintiff is advised again that the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).

1

Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This court's July 9, 2008 findings and recommendations are vacated;

2. Plaintiff's July 14, 2008 request for an extension of time is denied as unnecessary; and

3. Plaintiff's July 14, 2008 request for appointment of counsel is denied.

DATED: July 22, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
lyon2339.vac