1
2
3
4
5
6
7                        UNITED STATES DISTRICT COURT

8              FOR THE EASTERN DISTRICT OF CALIFORNIA

9                           SACRAMENTO DIVISION

10

11                                    )       CV 06-2339 RT
                                      )
12   BARNEY O. LYONS,                 )
                                      )       ORDER GRANTING DEFENDANT
13                 Plaintiffs,        )       JOHN KOFOED, M.D.'S MOTION FOR
                                      )       SUMMARY JUDGMENT
14        v.                          )
                                      )
15   ALVARO TRAQUINA, M.D.;           )
     DANIEL THOR, M.D.; and JOHN      )
16   KOFOED, M.D.;                    )
                                      )
17                 Defendant(s).      )

18   _____

19        The court, Judge Robert J. Timlin, has read and considered defendant John Kofoed, M.D.

20   ("Kofoed" or "defendant")'s motion for summary judgment and supporting documentation.  The

21   court has further read and considered plaintiff Barney O. Lyons ("Lyons" or "plaintiff")'s

22   "Declaration of the Plaintiff in Response to Defendant's Motion for Summary Judgment"

23

24

25

26

27

28

(hereinafter, the "opposition"),[1] as well as Kofoed's reply submitted in response to plaintiff's opposition.  Upon such consideration, the court rules as follows:

## I.    Factual and Procedural Background

On February 16, 2006, plaintiff Lyons filed an amended complaint in the California Superior Court, Solano County alleging causes of action for negligence, intentional tort, and negligent infliction of emotional distress against defendant Kofoed and two other defendants, Daniel Thor, M.D., ("Thor") and Alvaro Traquina, M.D., ("Traquina") arising out of the care and treatment of plaintiff's left shoulder while he was detained at California State Prison - Solano ("CSP-Solano"). Specifically, plaintiff alleged, *inter alia*, that Kofoed diagnosed plaintiff with a tear to the rotator cuff in plaintiff's left shoulder necessitating surgery.  Plaintiff asserted that he signed a consent form on July 28, 2003, for surgery that indicated the surgery involved repair of the torn left rotator cuff. However, plaintiff contended that during the surgery completed that same day, Kofoed did not actually repair the torn rotator cuff but instead performed alternative procedures on plaintiff's left shoulder to which plaintiff did not consent.  In addition, plaintiff alleged in his state amended complaint that the consent form he signed was altered by someone to list the alternative procedures actually completed on his shoulder - 1) left shoulder acromioplasty and 2) to resect distal clavicle with left shoulder acromioplasty.  Moreover, plaintiff asserted that Kofoed admitted to plaintiff that he (Kofoed) did not complete the required rotator cuff repair because he did not have time to perform that specific operation and that such a surgery would have required plaintiff to wear a

---

[1]    Plaintiff's purported "declaration" is not a declaration sufficient to be considered by the court as evidence by Lyons' in opposition to Kofoed's instant motion because Lyons neither states that the facts contained in the declaration are "true and correct," nor does he sign the declaration under penalty of perjury.  *See* 28 U.S.C. § 1746; *Schroeder v. McDonald*, 55 F.3d 454, 460 n.10 (9th Cir. 1995) (treating pro se litigant's verified complaint as an opposing affidavit to summary judgment motion because pro se litigant stated that contents of the complaint were true and correct under penalty of perjury); *Johnson v. Meltzer*, 134 F.3d 1393, 1399-1400 (9th Cir. 1998) (treating opposition to summary judgment as opposing affidavit because pro se litigant swore that statements contained in opposition were "true and correct" and opposition was based on personal knowledge). However, even if the court was to disregard these seemingly technical deficiencies with Lyons' purported "declaration," as addressed more thoroughly below in the discussion portion of this order, Lyons fails to demonstrate that he has personal knowledge of the material facts to which he attests as required by Federal Rule of Civil Procedure 56(e)(1) (requiring that "supporting or opposing affidavit[s] must be made on personal knowledge, set out fact that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated").

1    shoulder sling for at least a year.  Plaintiff alleged that he has continued pain in his left shoulder as a

2    result of the improper and incomplete surgery and sought, *inter alia*, punitive and compensatory

3    damages

4           On August 23, 2006, Lyons filed a federal complaint under the Civil Rights Act, Title 42

5    U.S.C. § 1983 ("Section 1983"), in the Northern District of California against the same three

6    defendants[2] based on the same facts set forth in the state amended complaint, *i.e.*, the care and

7    treatment of plaintiff's left shoulder by Kofoed and the alteration of the consent form thereto.  The

8    Northern District of California transferred the federal case to the Eastern District of California on

9    September 18, 2006.

10          On December 4, 2006, the assigned magistrate judge issued findings and recommendations

11   with respect to plaintiff's federal complaint.  The magistrate judge acknowledged that plaintiff

12   attached to his federal complaint a letter indicating that "[t]his same case now exists in the Superior

13   Court of Solano."  In response, the magistrate judge noted that "[p]laintiffs do not have the right

14   actively to pursue parallel state and federal courts actions simultaneously," quoting *Ollie v. Riggen*,

15   848 F.2d 1016, 1017 (9th Cir. 1988).  Finding that plaintiff was pursuing the same claims in federal

16   and state court, the magistrate judge recommended that the federal action be stayed until the state

17   court proceedings concluded, at which point plaintiff could proceed in federal court with any claims

18   not presented in state court.  The district court, the honorable Frank C. Damrell, Jr., adopted the

19   magistrate judge's December 4, 2006 findings and recommendations on January 9, 2007.

20          On June 11, 2007, the Solano County Superior Court entered summary judgment in favor of

21   defendant Kofoed and against plaintiff on plaintiff's entire state amended complaint.[3]  In so ruling,

22

23          [2]   The other two defendants in this matter, Thor and Traquina, have also filed a joint
24   summary judgment motion against plaintiff's entire federal amended complaint in this action.  The
     court awaits a response or opposition to the motion by Lyons.

25          [3]   The state court referred to plaintiff's state amended complaint as including "First Cause
26   of Action for Negligence and Second Cause of Action for Intentional Tort: Battery and Intentional
     Infliction of Emotional Distress."  However, the parties refer to plaintiff's emotional distress claim as
27   premised on negligence.  From this court's review of the state amended complaint, it appears that
     plaintiff referred to his emotional distress claim as premised on negligence yet included it in the
28   intentional tort section of the complaint, hence the state court's reference to the claim as intentional
     (rather than negligent) infliction of emotional distress.

1   the state court held that Kofoed "submitted sufficient evidence to establish that he did not breach the

2   standard of care or cause damage in treating plaintiff, and also that he did not alter plaintiff's consent

3   form for his treatment of plaintiff," and that plaintiff had not submitted evidence to rebut Kofoed's

4   evidence.  Declaration of Matthew A. Bisbee in Support of Def.'s Mot. for Summ. J. ("Bisbee

5   Decl."), Exh. D.  On June 21, 2007, defendant Kofoed filed a Notice of Entry of Order with respect

6   to his state court motion for summary judgment.

7          On June 28, 2007, plaintiff submitted a motion to lift the stay of this action.  On July 11,

8   2007, the assigned magistrate judge granted the motion and "direct[ed] plaintiff to file an amended

9   complaint containing the claims that he did not present to the state court."  Docket No. 13.  Plaintiff

10  filed his federal amended complaint on December 18, 2007 pursuant to Section 1983, again alleging,

11  *inter alia*, that he is entitled to damages resulting from Kofoed's negligent care and treatment of

12  plaintiff's left shoulder.  He again asserts that Kofoed did not repair the tear in plaintiff's left rotator

13  cuff - the only surgery to which he consented - and that someone altered his surgical consent form.

14         On April 1, 2008, the Solano County Superior Court denied plaintiff's motion to set aside

15  that court's order granting Kofoed's motion for summary judgment as to the entire state amended

16  complaint.  On November 24, 2008, the federal action was transferred to the instant court.

17         On October 7, 2009, Kofoed filed the instant motion, asserting that there is no evidence to

18  support plaintiff's case, there is no genuine issue as to any material fact, and Kofoed is therefore

19  entitled to judgment as a matter of law.  Kofoed specifically makes two arguments.  First, he

20  contends that because the instant federal amended complaint is based on the same core facts as those

21  adjudicated in the state court proceedings in which Kofoed prevailed against plaintiff, the instant

22  lawsuit is barred by res judicata.  He also claims that the undisputed evidence demonstrates that he

23  did not breach the standard of care or cause damage to plaintiff in the performance of surgery on

24  plaintiff's left shoulder.  Plaintiff filed his opposition on March 17, 2010, in which he argues that the

25  state court proceedings should not bar this court from reaching the merits of his federal amended

26  complaint and in which he also contends that other medical professionals have confirmed that his

27  shoulder is still in need of surgery.  Kofoed filed a reply on April 8, 2010, arguing that plaintiff

28  Lyons has failed to support his assertions with sufficient evidence and reasserting that, based on the

1  undisputed evidence, he neither committed medical negligence nor violated the Eighth Amendment

2  to the United States Constitution in performing surgery on Lyon's left shoulder.

3  **II.    Legal Standard**

4          Summary judgment is appropriate when "the pleadings, depositions, answers to

5  interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

6  genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

7  law.  FED. R. CIV. P. 56(c).

8          When ruling on a motion for summary judgment, the court must view the facts and draw any

9  reasonable inferences in the light most favorable to the non-moving party.  *T.W. Elec. Serv., Inc. v.*

10 *Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987) (citing *Matsushita Elec.*

11 *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348 (1986)); *Chevron Corp. v.*

12 *Pennzoil Co.*, 974 F.2d 1156, 1161 (9th Cir. 1992).  Thus, the court cannot make credibility

13 determinations or weigh conflicting evidence at this stage.  *T.W. Elec. Serv.*, 809 F.2d at 630-31.

14 While the moving party bears the initial burden of demonstrating an absence of a genuine issue for

15 trial, it need not fully disprove the other party's case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

16 242, 256, 106 S. Ct. 2505 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S. Ct. 2548

17 (1986).  For example, when the non-moving party bears the burden of proof on a particular claim or

18 defense, the moving party can meet its burden by demonstrating that the non-moving party has failed

19 to present any genuine issue of material fact.  *Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990).

20

21         After the moving party makes the requisite showing, the "opposing party may not rely merely

22 on allegations or denials in its own pleading; rather, its response must - by affidavits or as otherwise

23 provided in [Rule 56] - set out specific facts showing a genuine issue for trial.  If the opposing party

24 does not so respond, summary judgment should, if appropriate, be entered against that party."  FED.

25 R. CIV. P. 56(e)(2); *Anderson*, 477 U.S. at 248-49.  In addition, a party cannot establish a genuine

26 issue of material fact by merely making assertions in its legal papers.  Instead, there must be specific,

27 admissible evidence identifying the basis for the parties' dispute.  *S.A. Emprese de Viacao Aerea Rio*

28 *Grandense v. Walter Kidde & Co., Inc.*, 690 F.2d 1235, 1238 (9th Cir. 1980).  However, a verified

1  complaint or a verified motion may be considered an affidavit in opposition to a summary judgment

2  if it is "based on personal knowledge" and "sets forth specific facts admissible in evidence." *Keenan*

3  *v. Hall*, 83 F.3d 1083, 1090 n.1 (9th Cir. 1996) (internal citation and quotation omitted); *Johnson v.*

4  *Meltzer*, 134 F.3d 1393, 1399-1400 (9th Cir. 1998).   Nonetheless, the evidence set forth by the non-

5  moving party must be sufficient, taking the record as a whole, to allow a rational jury to find for the

6  non-moving party. *Matsushita Elec. Indus.*, 475 U.S. at 587.  As the Supreme Court has stated,

7  "[t]he mere existence of a scintilla of evidence...will be insufficient; there must be evidence on which

8  the jury could reasonably find for [the non-moving party]." *Anderson*, 477 U.S. at 252.

9  **III.    Discussion**

10    **A.    Undisputed Facts**

11        While defendant submitted to the court a Statement of Undisputed Material Facts as well as

12  the evidence submitted in conjunction with his state court summary judgment motion, plaintiff has

13  not submitted either an itemized response to defendant's Statement of Undisputed Facts as required

14  by Eastern District of California Local Rule 260(b) or any other documentary evidence in support of

15  his opposition.  However, the court will not grant defendant's motion merely due to plaintiff's failure

16  to strictly comply with the requirements of Local Rule 260(b), especially in light of plaintiff's pro se

17  status.  Instead, the court proceeds to determine whether the opposition alone is sufficient to create a

18  genuine issue of material fact as to plaintiff's allegations against defendant Kofoed.  Rather than list

19  the disputed versus undisputed facts here, the court raises the undisputed and/or disputed facts

20  where relevant in its following discussion of defendant's two main arguments asserting that the court

21  should grant him summary judgment against plaintiff - (1) that res judicata applies to plaintiff's

22  federal amended complaint; and (2) that plaintiff's allegations against Kofoed fail on the merits

23  because they are unsupported by evidence.

24    **B.    Res Judicata**

25        Defendant Kofoed first argues that he is entitled to summary judgment as to plaintiff's entire

26  federal amended complaint because this federal lawsuit is barred by res judicata due to the state

27  court's order granting Kofoed's summary judgment motion in the state court action.  "Under res

28  judicata, a final judgment on the merits bars further claims by parties or their privies based on the

1    same cause of action." *Montana v. U.S.*, 440 U.S. 147, 153, 99 S. Ct. 970 (1979).  Stated

2    differently, "[r]es judicata bars all grounds for recovery which could have been asserted, whether

3    they were or not, in a prior suit between the same parties...on the same cause of action." *C.D.*

4    *Anderson & Co., Inc. v. Lemos*, 832 F.2d 1097, 1100 (9th Cir. 1987) (internal citations and

5    quotations omitted).  Moreover, under the United States Constitution's Full Faith and Credit Clause

6    as implemented by the Full Faith and Credit Statute, 28 U.S.C. § 1738 ("Section 1738"), "a federal

7    court must give to a state-court judgment the same preclusive effect as would be given that judgment

8    under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist.*

9    *Bd. of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892 (1984).

10        Kofoed argues that res judicata applies because the undisputed facts demonstrate that the

11   instant federal amended complaint centers on the same facts as the state amended complaint, *i.e.*, the

12   care and treatment of plaintiff's left shoulder by Kofoed, and asserts that the state court case has

13   resulted in a final judgment on the merits in favor of Kofoed and against Lyons.

14        Plaintiff does not clearly dispute that the instant federal lawsuit is based on the same core

15   facts and involves the same parties as the state court action. Instead, plaintiff appears to make two

16   arguments in opposition to the application of res judicata to the instant lawsuit.  First, Lyons appears

17   to contend that the state court action only resolved his negligence claim against Kofoed, and

18   therefore Lyons can still proceed to litigate his Section 1983 claim, ostensibly premised on a different

19   legal theory (*i.e.*, the Eighth Amendment deliberate indifference standard), against Kofoed.  This

20   seeming argument is without merit.  A plaintiff cannot simply plead a new legal theory in order to

21   bar the application of res judicata. *McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986).

22   Instead, under California law, the relevant concern is whether the later claim sought to be litigated

23   relates to the same "primary right" as a claim litigated in a prior case. *Slater v. Blackwood*, 15

24   Cal.3d 791, 795 (1975) ("[T]he 'cause of action' is based upon the harm suffered, as opposed to the

25   particular theory asserted by the litigant.").  Here, plaintiff's state negligence and intentional tort

26

27

28

7

1    claims[4] deal with the same primary right as his Section 1983 claim - the right to obtain adequate,

2    competent, and consented-to medical care or, phrased differently, the right to be free from injury

3    pursuant to such medical care.

4           That is, the factual allegations against Kofoed are virtually identical in the state and federal

5    amended complaints and deal with the single procedure performed by Kofoed on plaintiff's left

6    shoulder on July 28, 2003; indeed, in his federal amended complaint, plaintiff does not specifically

7    refer to his Section 1983 claim as premised on the Eighth Amendment or any other federal

8    constitutional law or substantive law but rather just lists the same facts as found in the state amended

9    complaint.  And Lyons could have brought his Section 1983 claim in state court.  *Trujillo v. Santa*

10   *Clara County*, 775 F.3d 1359, 1366 (9th Cir. 1985) (determining that, under California law, later

11   federal Section 1983 claim was based on same primary right - the right to be free from employment

12   discrimination based on race or national origin - as state-adjudicated claim under California Fair

13   Employment and Housing Act).  Thus, Lyons' first argument against the application of res judicata

14   to the instant action is unavailing.

15          Second, Lyons argues that he did not have a fair opportunity to oppose Kofoed's summary

16   judgment motion filed in state court.  That is, he claims that he submitted a "motion for a

17   continuance" with respect to the state summary judgment motion to the Solano County Superior

18   Court, Judge R. Michael Smith (the judge whom plaintiff understood to be assigned to his case for

19   all purposes), but apparently without receiving a ruling on his continuance motion, the hearing for

20   Kofoed's summary judgment motion was held on the originally scheduled date before a different

21   judge without notice to plaintiff.  Therefore, the state court granted Kofoed's summary judgment

22   motion without plaintiff being able to oppose the motion through a written brief or oral argument.

23          Res judicata "does not apply when the party against whom the earlier decision is asserted did

24   not have a 'full and fair opportunity' to litigate the claim or issue."  *Kremer v. Chemical Const.*

25   *Corp.*, 456 U.S. 461, 480-81, 102 S. Ct. 1883 (1982) (citations omitted).  In other words, "[a

26   ──────────────

27          [4]    Plaintiff incorrectly states that the state court only ruled on the negligence claim when
     ruling on Kofoed's motion for summary judgment.  Instead, the state court, as stated *supra*, ruled on
28   all claims asserted against Kofoed by plaintiff with respect to Kofoed's performance of surgery on
     plaintiff's left shoulder.

r]edetermination of issues is warranted if there is a reason to doubt the quality, extensiveness, or fairness of procedures followed in the prior litigation." *Montana*, 440 U.S. at 164, n.11.  However, when a federal court assesses the preclusive effect of a state-court judgment under Section 1738, "state proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause in order to qualify for the full faith and credit guaranteed by federal law." *Kremer*, 456 U.S. at 481.

At present, the court does not believe it has sufficient information from either party to resolve plaintiff's claim that he did not have a full and fair opportunity to litigate his claims in state court.  For example, in defendant's reply, he does not clearly respond to plaintiff's claim that the hearing on the state court summary judgment motion was held before a different judge without notice to plaintiff.  However, the copy of the summary judgment order submitted by defendant shows that while the order is stamped by Judge R. Michael Smith, the hearing on the motion was held before Judge Franklin R. Taft.  Bisbee Decl., Exh. D.  Moreover, the copy of plaintiff's state amended complaint, submitted by defendant in support of the instant motion, indicates through a court stamp that plaintiff's case was assigned to Judge R. Michael Smith for all purposes.  *Id*., Exh. A.  Therefore, there are undisputed facts in the record tending to show that plaintiff's assertions with respect to the state court proceedings are not wholly unfounded.

Yet, defendant also submits as evidence in conjunction with his moving papers a court order showing that plaintiff moved to set aside the state court summary judgment order (though defendant does not expressly argue in his briefing that bringing a motion to set aside the state court summary judgment order provided plaintiff with a full and fair opportunity to oppose defendant's state court summary judgment motion).  Bisbee Decl., Exh. L.  Plaintiff makes no argument that there were any deficiencies in proceedings held with respect to his motion to set aside the state court summary judgment order.  And, such an avenue allowing plaintiff to present to the state court deficiencies with respect to the initial state court summary judgment proceedings would likely satisfy the procedural due process requirements of the Fourteenth Amendment.  However, with such inconclusive argumentation by both parties regarding this issue, the court is unable to fully resolve it.

1  Plaintiff's assertions may actually be specious, but with defendant failing to clearly respond to them,
2  the court will not give defendant the benefit of the doubt.

3         Nonetheless, there is another deficiency with respect to defendant's argument that res
4  judicata applies here.  That is, defendant has not definitively shown the court that there is in fact a
5  final state court judgment to which this court should give preclusive effect.  As stated in the primary
6  case relied on by defendant in arguing for the application of res judicata, *Dawson v. Calif. Dep't of*
7  *Corrections* (notably an unpublished district court decision), a California judgment is not final for res
8  judicata purposes during the pendency of an appeal.  No. C 05-2253 MHP (pr), 2007 WL 2288327,
9  *9 (N.D. Cal. Aug. 7, 2007) (citing *Nathanson v. Hecker*, 99 Cal. App. 4th 1158, 1163 (2002)
10  ("The pendency of an appeal precludes finality under California law...").  While defendant has
11  shown that the state trial court denied plaintiff's motion to set aside the state court summary
12  judgment, defendant has provided the court with no additional information regarding the finality of
13  the state court judgment.  In other words, defendant has not shown that appellate proceedings have
14  concluded with respect to plaintiff's state court case or affirmatively shown that no appellate
15  proceedings were initiated and the time to appeal has expired.  Therefore, at present, the court is
16  unable to determine whether the state court judgment is indeed final.

17         However, rather than seek additional briefing from the parties as to these aforementioned
18  underdeveloped res judicata issues, the court proceeds to address the merits of plaintiff's claim
19  against defendant Kofoed.  As the below discussion demonstrates, the merits of this case are easily
20  resolved on summary judgment in a manner consistent with the state trial court's resolution of
21  plaintiff's state court amended complaint.

22         **C.     Merits**

23         Kofoed alternatively contends that the undisputed evidence demonstrates that he was neither
24  negligent in his treatment of plaintiff nor deliberately indifferent to plaintiff's serious medical needs.

25         As a preliminary matter, the court notes that plaintiff brings his federal amended complaint
26  pursuant to Section 1983.  "Section 1983 limits a federal court's analysis to the deprivation of rights
27  secured by the federal 'Constitution and laws.'" *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367,
28  370 (9th Cir. 1996).  Because Lyons brings his federal amended complaint under Section 1983, the

1  court treats Lyons' federal amended complaint as only raising federal law claims.  The court's

2  position comports with plaintiff's own seeming representation of his federal case.  In other words, in

3  making arguments against the application of res judicata to the instant action, as discussed above,

4  plaintiff contends that the state case deals with different legal theories, such as negligence, than those

5  theories presented in his federal amended complaint.  Moreover, the state court undisputedly already

6  has been presented with plaintiff's negligence and intentional tort claims premised on California law

7  and is the proper forum to address those purely state law allegations.  *Estelle v. Gamble*, 429 U.S.

8  97, 107, 97 S. Ct. 285 (1976) (in evaluating prisoner-plaintiff's Section 1983 complaint, noting that

9  state court is the proper forum for state law medical malpractice claim).  Therefore, the court

10  proceeds to address those federal law claims implicated by plaintiff's federal amended complaint.

11      While not citing the Eighth Amendment, plaintiff's federal amended complaint centering on

12  the provision of medical treatment to an inmate implicates the Eighth Amendment, as identified by

13  defendant Kofoed.  "A violation of the Eighth Amendment occurs when prison officials are

14  deliberately indifferent to a prisoner's [serious] medical needs."  *Toguchi v. Chung*, 391 F.3d 1051,

15  1057 (9th Cir. 2004).   A prisoner must satisfy a two-part test to demonstrate a violation of the

16  Eighth Amendment.  *Id.*  First, the alleged constitutional deprivation objectively must be "sufficiently

17  serious[.]"  *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S. Ct. 2321 (1991).  That is, "a prison official's

18  act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'"

19  *Farmer v. Brenna*, 511 U.S. 825, 834, 114 S. Ct. 1970 (1994) (*quoting Rhodes v. Chapman*, 452

20  U.S. 337, 347, 101 S. Ct. 2392 (1981)).  In the medical context, "[a] serious medical need exists if

21  the failure to treat a prisoner's condition could result in further significant injury or the unnecessary

22  and wanton infliction of pain."  *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (internal

23  citations and quotations omitted) *overruled on other grounds in WMX Technologies, Inc. v. Miller*,

24  104 F.3d 1133 (9th Cir. 1997).

25      Second, a prisoner must show that the prison official acted with deliberate indifference in

26  causing the deprivation.  *Toguchi*, 391 F.3d at 1057.  That is, the prison official must "know[] of and

27  disregard[] an excessive risk to inmate health and safety."  *Gibson v. County of Washoe, Nevada*,

28  290 F.3d 1175, 1187 (9th Cir. 2002).  Under this subjective approach, the prison official "must both

11

1  be aware of facts from which the inference could be drawn that a substantial risk of serious harm

2  exists, and he [or she] must also draw the inference." *Farmer*, 511 U.S. at 837.

3    "[A] complaint that a physician has been negligent in diagnosing or treating a medical

4  condition does not state a valid claim of medical mistreatment under the Eighth Amendment.

5  Medical malpractice does not become a constitutional violation merely because the victim is a

6  prisoner." *Estelle*, 429 U.S. at 106.  Moreover, demonstrating a difference of opinion between

7  medical professionals with respect to the appropriate course of treatment typically will not evince

8  that the followed course of treatment constitutes deliberate indifference to serious medical needs.

9  *Toguchi*, 391 F.3d at 1059-60.  Likewise, a difference of opinion between the prisoner and the

10  treating physician regarding the appropriate course of treatment also will not demonstrate that the

11  followed course of treatment amounts to deliberate indifference to serious medical needs.  *Id*. at

12  1058; *see also*, *Franklin v. State of Or., State of Welfare Division*, 662 F.3d 1337, 1344 (9th Cir.

13  1981) ("A difference of opinion between a prisoner-patient and prison medical authorities regarding

14  treatment does not give rise to a § 1983 claim.").  Instead, the plaintiff "must show that the course of

15  treatment the doctors chose was medically unacceptable under the circumstances [and that the

16  doctors] chose this course of conduct in conscious disregard of an excessive risk to plaintiff's

17  health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations and quotations

18  omitted).

19    Plaintiff has failed to present any evidence in opposition to Kofoed's instant summary

20  judgment motion demonstrating that there is a triable issue of fact whether Kofoed was deliberately

21  indifferent to Lyon's medical needs.  Again, the crux of Lyon's claim against Kofoed is that Lyon's

22  consented to have surgery on his left shoulder to repair a rotator cuff tear, but instead of repairing

23  the rotator cuff tear, Kofoed performed other procedures and refused to repair the rotator cuff tear.

24  There is no dispute that Lyon's sought medical treatment due to pain he was experiencing in his left

25  shoulder, and prior to the July 28, 2003 surgery, Lyons received physical therapy and medication to

26

27

28

1    alleviate the shoulder pain.  Moreover, defendant Kofoed, in his declaration,[5] admits that a 2002

2    MRI "showed degenerative changes in [plaintiff's] left shoulder and a small partial thickness rotator

3    cuff tear," among other problems.  Bisbee Decl., Exh. E; Kofoed Decl., ¶ 4.  In addition, Kofoed

4    concedes that he informed Lyons prior to surgery that, among other things, Kofoed would repair a

5    rotator cuff tear if one actually was found at the point of surgery.  *Id*. at ¶ 7.  However, at the point

6    of surgery, Kofoed represents that while there was degeneration of the rotator cuff, there was no

7    actual complete tear to repair and points out that an MRI is often inaccurate regarding the particular

8    details of an injury.  *Id*. at ¶ 13.  And defendant Kofoed provides the declaration of Grady Jeter,

9    M.D., a physician specializing in orthopedic shoulder problems, who opines, after performing a

10   review of Lyons' medical records, including various medical images taken of plaintiff's left shoulder,

11   that Kofoed performed proper procedures on Lyon's shoulder that met the standard of care for

12   medical professionals and they were appropriate based on the actual condition of plaintiff's shoulder

13   as determined at the point of surgery.  Bisbee Decl., Exh. F.

14       Plaintiff Lyons, however, has failed to present any evidence demonstrating a deficiency in the

15   procedures performed by defendant Kofoed, let alone an Eighth Amendment deprivation.  That is,

16   plaintiff has presented no evidence showing that he actually has or had a tear in his left rotator cuff

17   that plaintiff chose not to repair, knowing that a failure to repair the tear would result in excessive

18   harm to Lyons.  The fact that plaintiff styles his opposition as a declaration does not remedy these

19   deficiencies.  In other words, plaintiff has not shown how he could have or would have personal

20   knowledge of the interior state of his shoulder.  Moreover, his claim that he had declarations by

21   certain doctors that he meant to submit in support of his opposition also does not suffice to create a

22   genuine issue of material fact.  The court is mindful that a pro se litigant's pleadings must be liberally

23   construed.  *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).  Furthermore, at the summary

24   judgment stage, the court "treat[s] the opposing party's papers more indulgently than the moving

25   party's papers."  *Lew v. Kona Hosp.*, 754 F.2d 1420, 1423 (9th Cir. 1985).  Yet, "[p]ro se litigants

26   must follow the same rules of procedure that govern other litigants."  *King v. Atiyeh*, 814 F.2d 565,

27

28       [5]   Defendant Kofoed submits to the court the declaration he submitted in conjunction with his state court summary judgment motion.

13

567 (9th Cir. 1987).  As such, plaintiff is required to come forward with sufficient admissible evidence in opposition to defendant's motion, and stating that he planned to, but did not, submit evidence will not do.

Even if Lyons has a sufficient justification for his failure to submit to the court certain documents he obtained from other medical professionals, he does not represent in his opposition that those documents set forth facts suggesting that Kofoed knowingly performed improper surgery on Lyon's left shoulder or that Lyons does in fact have a complete rotator cuff tear in his left shoulder that could have and should have been repaired through surgery.  Instead, Lyons represents that he has a statement from one doctor indicating that Lyons still needs some unidentified type of surgery on his left shoulder and a second statement from a doctor representing that Lyons needed a shot of cortisone in his left shoulder to alleviate pain at some point after the surgery performed by defendant Kofoed.  These facts do not tend to show that Kofoed's performance of surgery on Lyon's shoulder constituted a deprivation of Lyon's right to be free from cruel and unusual punishment under the Eighth Amendment.  Lyons also has not presented any admissible evidence suggesting that the procedures Kofoed did perform were medically unnecessary, that Kofoed knew they were unnecessary, or that they have substantially increased the pain in plaintiff's left shoulder or caused other related damage.

Plaintiff's allegations with respect to the surgical consent form also do not create a triable issue of fact as to his Eighth Amendment claim.  First, defendant Kofoed provides the declaration of a forensic expert who opines that the signed consent form was in no way altered (Bisbee Decl., Exh. G) and also provides a copy of the at-issue consent form.  Plaintiff, on the other, does not provide the court with a copy of the allegedly unaltered consent form, the allegedly altered consent form, or any competing expert testimony with respect to the authenticity of the at-issue consent form.  Nonetheless, plaintiff contends in his opposition that he remembers consenting in writing only to the surgical repair of a tear in his left rotator cuff.  Assuming his opposition sufficiently disputes Kofoed's version of the facts, this factual dispute still does not demonstrate an Eighth Amendment deprivation.  In other words, assuming that Lyons only consented to surgery to repair a left shoulder rotator cuff tear, Kofoed presents undisputed evidence that at the point of surgery when he had

1   opened up Lyons' shoulder, there was no rotator cuff tear that could be repaired through surgery,

2   and Kofoed performed routine procedures he deemed necessary based on the actual status of Lyons'

3   shoulder injury meant to alleviate the pain Lyons was experiencing in his shoulder.  It was well

4   within Kofoed's medical discretion to proceed with those other procedures without again seeking

5   Lyons' consent.  Indeed, if Kofoed had failed to perform other needed procedures on Lyons' left

6   shoulder after Kofoed had already opened up Lyon's shoulder and Lyons was under anaesthesia,

7   Kofoed could have subjected himself to another deliberate indifference claim.  *See, e.g., Scioners v.*

8   *Jarvis*, 458 F. Supp. 37, 40 (D. Kansas 1978) ("[D]efendants had an affirmative constitutional duty

9   to provide necessary medical treatment regardless of consent because intentional denial of medical

10   treatment or deliberate indifference to an inmate's serious medical needs constitutes cruel and

11   unusual punishment.").

12        Moreover, the present case does not present a situation where a prisoner completely

13   withholds consent and medical officials nonetheless force him to undergo treatment despite the

14   prisoner's objections.  Instead, plaintiff undisputedly consented to a surgical procedure meant to

15   alleviate pain in his shoulder.  Plaintiff, at most, disputes the scope of his consent.  Stated differently,

16   plaintiff disputes the method of treatment, but as stated above, a prisoner's disagreement with a

17   medical professional over the appropriate course of treatment does not demonstrate that the medical

18   professional has acted with deliberate indifference to the prisoner's serious medical needs by

19   following a particular course of treatment.  Plaintiff has failed to demonstrate that there is a genuine

20   issue of material fact tending to show that Kofoed, in the performance of surgery on plaintiff's left

21   shoulder, was deliberately indifferent to plaintiff's serious medical needs.

22        While not referred to by the parties, the court acknowledges that issues of consent may also

23   implicate a prisoner's protected liberty interest under the Due Process Clause of the Fourteenth

24   Amendment to the United States Constitution.  The United States Supreme Court has recognized

25   that prisoners may have a protected liberty interest in refusing medical treatment.  *Washington v.*

26   *Harper*, 494 U.S. 210, 221-22, 110 S. Ct. 1028 (1990); *Noble v. Schmitt*, 87 F.3d 157, 161 (6th Cir.

27   1996) ("The Supreme Court has held that individuals in state custody enjoy [a] protected liberty

28   interest[]...to refuse medical treatment such as the administration of antipsychotic drugs." ).

1  However, such an interest must be weighed against, *inter alia*, the prison's need to provide

2  appropriate, necessary medical treatment to its inmates. *Harper*, 494 U.S. at 236. To the extent

3  plaintiff means to raise a due process claim based on his protected liberty interest to refuse medical

4  treatment, he fails. Again, this is not situation in which consent was fully withheld (Lyons

5  undisputedly consented to have surgery performed on his left shoulder though he claims that he

6  understood the type of procedure to be performed to be different from those procedures actually

7  completed), and it is undisputed that Kofoed performed procedures on plaintiff's shoulder that

8  Kofoed deemed medically necessary based on the actual status of plaintiff's shoulder as determined

9  at the point of surgery. At most, plaintiff has shown that he disagreed with Kofoed's course of

10  treatment, which neither creates a genuine issue of material fact as to an Eighth Amendment or

11  Fourteenth Amendment claim.

12  **IV.    Disposition**

13           For the foregoing reasons, the court orders that the summary judgment motion of defendant

14  John Kofoed, M.D., be granted as to plaintiff Barney O. Lyons' entire federal amended complaint.

15           DATED:  August 3, 2010

16                                                      ROBERT J. TIMLIN
                                                         ROBERT J. TIMLIN
17                                                       United States District Judge

18

19

20

21

22

23

24

25

26

27

28