1

2

3

4

5

6

7        UNITED STATES DISTRICT COURT

8      FOR THE EASTERN DISTRICT OF CALIFORNIA

9             SACRAMENTO DIVISION

10

11                                )    CV 06-2339 RT
                                  )
12   BARNEY O. LYONS              )
                                  )    ORDER GRANTING SUMMARY
13              Plaintiffs,       )    JUDGMENT MOTION OF
                                  )    DEFENDANTS ALVARO C.
14        v.                      )    TRAQUINA, M.D., AND DANIEL E.
                                  )    THOR, M.D.
15   ALVARO TRAQUINA, M.D.;       )
     DANIEL THOR, M.D.; AND       )
16   JOHN KOFOED, M.D.;           )
                                  )
17              Defendant(s).     )

18

19        The court, Judge Robert J. Timlin, has read and considered the motion of defendants Alvaro

20   C. Traquina, M.D., ("Traquina") and Daniel E. Thor, M.D., ("Thor") (collectively "defendants")[1]

21   for summary judgment and supporting documentation filed on March 11, 2010.  The court has also

22   read and considered defendants' reply brief in support of their motion for summary judgment filed

23   with the court on April 8, 2010.  Plaintiff Barney O. Lyons ("plaintiff" or "Lyons") has not filed an

24   opposition to defendants' motion.

25

26

27        [1]   There is a third named defendant in this action – John Kofoed, M.D. ("Kofoed") –
28   whose motion for summary judgment on the instant First Amended Complaint ("federal FAC") was
     granted by court order on August 4, 2010.  This action remains as to Traquina and Thor.

I.        **Factual and Procedural Background**

On February 16, 2006, Lyons filed an amended complaint in the California Superior Court for Solano County ("state court") alleging causes of action for negligence against defendants Traquina and Thor, as well as Kofoed, and intentional tort and negligent infliction of emotional distress against Kofoed only, arising out of the medical care and treatment of plaintiff's left shoulder while he was detained at California State Prison - Solano ("CSP-Solano").  Specifically, plaintiff alleged, *inter alia*, that Kofoed diagnosed plaintiff with a tear to the rotator cuff in plaintiff's left shoulder necessitating surgery.  Plaintiff asserted that he signed a consent form on July 28, 2003, for surgery that stated the surgery involved repair of the torn left rotator cuff. However, plaintiff further alleged that during the surgery completed that same day, Kofoed did not actually repair the torn rotator cuff but instead performed alternative procedures on plaintiff's left shoulder to which plaintiff did not consent.  In addition, plaintiff alleged in his state amended complaint that the consent form he signed was altered by someone to recite the alternative procedures actually completed on his left shoulder - 1) left shoulder acromioplasty and 2) to resect distal clavicle with left shoulder acromioplasty.  Moreover, Lyons asserted that Kofoed admitted to him that he (Kofoed) did not complete the required rotator cuff repair because he did not have time to perform that specific operation and that such a surgery would have required plaintiff to wear a shoulder sling for at least a year.

With respect to Thor, plaintiff alleged in the state court amended complaint ("state amended complaint") that he filed an inmate administrative appeal with Thor (the Chief Physician and Surgeon at CSP-Solano during the relevant time period) stating Kofoed's performance of surgery on Lyons's left shoulder, and the alteration of the consent form thereto, was negligent and amounted to intentional tortious conduct and negligent infliction of emotional distress.  Thor denied the first-level appeal.  Plaintiff further alleged that Thor failed to review Lyons's medical records and also refused to interview plaintiff regarding his allegations against Kofoed.  Lyons also asserted that Thor's failure to properly investigate Lyons's claim caused Thor not to order the necessary corrective surgery on plaintiff's shoulder which was required as a result of Kofoed's inadequate and incomplete treatment of plaintiff.

1    Similarly, Lyons claimed in his state amended complaint that after Thor denied his first-
2    level appeal, he filed a second-level administrative appeal with Traquina (the Chief Medical Officer
3    at CSP-Solano who, according to Lyons, authorized Kofoed to perform surgery on the tear in his
4    left shoulder rotator cuff in the first instance) regarding the same incident and actions (or inaction)
5    involving Kofoed.  Lyons alleged that Traquina negligently failed to properly consider plaintiff's
6    appeal at the second level by denying the appeal without ordering the necessary corrective surgery.
7    Plaintiff alleged that he has continued pain in his left shoulder as a result of the improper and
8    incomplete surgery and sought, *inter alia*, punitive and compensatory damages against Kofoed,
9    Thor and Traquina.
10    On August 29, 2006, Lyons filed a federal complaint under the Civil Rights Act, Title 42
11   U.S.C. § 1983 ("Section 1983"), in the Northern District of California against the same three
12   defendants based on the same facts set forth in the state amended complaint alleging deprivation of
13   his rights under the Eighth Amendment due to the care and treatment of his left shoulder by Kofoed,
14   the alteration of the consent form thereto, and the denial of plaintiff's inmate administrative appeals
15   by Thor and Traquina.  The Northern District of California transferred the federal case to the
16   Eastern District of California on September 18, 2006.
17    On December 4, 2006, the assigned Magistrate Judge issued proposed findings and
18   recommendations to the District Court Judge with respect to plaintiff's federal complaint.  The
19   magistrate judge acknowledged that Lyons attached to his federal complaint a letter indicating that
20   "[t]his same case now exists in the Superior Court of Solano."  In response, the Magistrate Judge
21   noted that "[p]laintiffs do not have the right actively to pursue parallel state and federal courts
22   actions simultaneously," quoting *Ollie v. Riggen*, 848 F.2d 1016, 1017 (9th Cir. 1988).  Finding that
23   plaintiff was pursuing the same claims in federal and state court, the magistrate judge recommended
24   that the instant federal action be stayed until the state court proceedings concluded, at which point
25   Lyons could proceed in federal court with any claims not presented in state court.  The district court,
26   the honorable Frank C. Damrell, Jr., adopted the Magistrate Judge's December 4, 2006 proposed
27   findings and recommendations on January 9, 2007.
28

1    On June 11, 2007, the state court entered summary judgment in favor of Kofoed and against

2    Lyons on his entire state amended complaint.[2]  In so ruling, the state court concluded that Kofoed

3    "submitted sufficient evidence to establish that he did not breach the standard of care or cause

4    damage in treating plaintiff, and also that he did not alter plaintiff's consent form for his treatment

5    of plaintiff," and that plaintiff had not submitted evidence to rebut Kofoed's evidence.  Declaration

6    of Matthew A. Bisbee in Support of Def. Kofoed's Mot. for Summ. J., Exh. D.  On June 21, 2007,

7    defendant Kofoed filed a Notice of Entry of Order with respect to his state court motion for

8    summary judgment.

9    On June 28, 2007, plaintiff submitted a motion to lift the stay of this action.  On July 11,

10   2007, the assigned magistrate judge granted the motion and "direct[ed] plaintiff to file an amended

11   complaint containing the claims that he did not present to the state court."  Docket No. 13.  Plaintiff

12   filed his federal FAC on December 21, 2007 pursuant to Section 1983, again alleging, *inter alia*, a

13   deprivation of his rights under the Eighth Amendment resulting from Kofoed's not repairing the

14   tear in plaintiff's left rotator cuff - the only surgery to which he consented, someone altering his

15   surgical consent form, and Thor's and Traquina's improperly and unjustifiably denying his inmate

16   administrative appeals.

17   On April 1, 2008, the state court denied plaintiff's motion to set aside that court's order

18   granting Kofoed's motion for summary judgment as to the entire state amended complaint against

19   him.  On November 24, 2008, the federal action was transferred to the instant court.

20   On October 7, 2009, Koefed filed a motion for summary judgment on the entire federal FAC

21   against him in this action and, as earlier noted in footnote 1, supra, that motion was granted by court

22   order on August 4, 2010.

23   On March 11, 2010, Thor and Traquina filed the instant motion for summary judgment,

24   asserting that there are no triable issues of material fact and that they are entitled to judgment as a

25   matter of law on the Section 1983 claim against them.  Specifically, defendants argue that they

26   provided Lyons with adequate medical care and were in no way deliberately indifferent to his

27

28        [2]   Thor and Traquina were not specifically named as parties in the state court summary judgment and do not represent that they sought and were granted summary judgment against plaintiff in state court.

1  medical needs.  They also argue that they are entitled to qualified immunity as to the Section 1983

2  claim.  Plaintiff did not file an opposition to defendants' motion, despite this court sending him a

3  notice regarding procedures for opposing a motion for summary judgment, which also informed him

4  of the deadlines for filing an opposition and the ramifications of failing to file an opposition.  *See*

5  Docket No. 71.  The court also granted Lyons several extensions for filing an opposition, *see*

6  Docket Nos. 78, 81, 85, the last being a 60-day extension granted on October 12, 2010.

7  **II.    Legal Standard**

8          Summary judgment is appropriate when "the pleadings, depositions, answers to

9  interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

10  genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

11  law.  FED. R. CIV. P. 56(c).

12          When ruling on a motion for summary judgment, the court must view the facts and draw any

13  reasonable inferences in the light most favorable to the non-moving party.  *T.W. Elec. Serv., Inc. v.*

14  *Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987) (citing *Matsushita Elec.*

15  *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348 (1986)); *Chevron Corp. v.*

16  *Pennzoil Co.*, 974 F.2d 1156, 1161 (9th Cir. 1992).  Thus, the court cannot make credibility

17  determinations or weigh conflicting evidence at this stage.  *T.W. Elec. Serv.*, 809 F.2d at 630-31.

18  While the moving party bears the initial burden of demonstrating an absence of a genuine issue for

19  trial, it need not fully disprove the other party's case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

20  242, 256, 106 S. Ct. 2505 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S. Ct. 2548

21  (1986).  For example, when the non-moving party bears the burden of proof on a particular claim or

22  defense, the moving party can meet its burden by demonstrating that the non-moving party has

23  failed to present any admissible evidence creating a genuine issue of material fact.  *See Musick v.*

24  *Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990).

25          After the moving party makes the requisite showing, the "opposing party may not rely

26  merely on allegations or denials in its own pleading; rather, its response must - by affidavits or as

27  otherwise provided in [Rule 56] - set out specific facts showing a genuine issue for trial.  If the

28  opposing party does not so respond, summary judgment should, if appropriate, be entered against

5

1   that party." FED. R. CIV. P. 56(e)(2); *Anderson*, 477 U.S. at 248-49.  In addition, a party cannot

2   establish a genuine issue of material fact by merely making assertions in its legal papers.  Instead,

3   there must be specific, admissible evidence identifying the basis for the parties' dispute.  *S.A.*

4   *Emprese de Viacao Aerea Rio Grandense v. Walter Kidde & Co., Inc.*, 690 F.2d 1235, 1238 (9th

5   Cir. 1980).  However, a verified complaint or a verified motion may be considered an affidavit in

6   opposition to a summary judgment if it is "based on personal knowledge" and "sets forth specific

7   facts admissible in evidence." *Keenan v. Hall*, 83 F.3d 1083, 1090 n.1 (9th Cir. 1996) (internal

8   citation and quotation omitted); *Johnson v. Meltzer*, 134 F.3d 1393, 1399-1400 (9th Cir. 1998).

9   Nonetheless, the evidence set forth by the non-moving party must be sufficient, taking the record as

10  a whole, to allow a rational jury to find for the non-moving party.  *Matsushita Elec. Indus.*, 475 U.S.

11  at 587.  As the Supreme Court has stated, "[t]he mere existence of a scintilla of evidence...will be

12  insufficient; there must be evidence on which the jury could reasonably find for [the non-moving

13  party]." *Anderson*, 477 U.S. at 252.

14  **III.    Discussion**

15        **A.    Preliminary Matters**

16        Thor and Traquina cursorily request that the court take judicial notice of certain documents

17  in conjunction with their motion for summary judgment.  However, the court finds it unnecessary to

18  take judicial notice of relevant documents in order to rule on defendants' motion, and therefore

19  refrains from doing so.[3]

20        For the same reasons as stated in this court's order granting Kofoed's motion for summary

21  judgment, the court construes plaintiff's federal amended complaint as only raising federal

22  substantive law claims, *i.e.* defendants' deprivation of Lyons's federal constitutional rights.

23  Therefore, the court proceeds to address those federal law claims implicated by plaintiff's

24  allegations against Thor and Traquina.  In addition, the court refers to the relevant undisputed facts

25  below when addressing the substantive merits of plaintiff's claims against Thor and Traquina.

26

27        [3]    Some documents for which judicial notice is requested, particularly various court
    documents, are discussed in the background section of this order.  Those documents are discussed
28  for background purposes only and in no way impact the disposition of the pending motion.
    Moreover, the documents discussed could be properly noticed by the court.

1          **B.     Substantive Claims Implicated by Lyons's Federal Amended Complaint**

2                  **1.     Eighth Amendment**

3          Plaintiff's federal FAC centers on the provision by prison officials of medical care and

4    treatment to an inmate under the cruel and unusual punishment clause of the Eighth Amendment, as

5    identified by defendants.  "A violation of the Eighth Amendment occurs when prison officials are

6    deliberately indifferent to a prisoner's [serious] medical needs." *Toguchi v. Chung*, 391 F.3d 1051,

7    1057 (9th Cir. 2004).  A prisoner must satisfy a two-part test to demonstrate a deprivation of his

8    Eighth Amendment right. *Id*.  First, the alleged constitutional deprivation objectively must be

9    "sufficiently serious[.]" *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S. Ct. 2321 (1991).  That is, "a

10   prison official's act or omission must result in the denial of 'the minimal civilized measure of life's

11   necessities.'" *Farmer v. Brenna*, 511 U.S. 825, 834, 114 S. Ct. 1970 (1994) (*quoting Rhodes v.

12   Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392 (1981)).  In the medical-care context, "[a] serious

13   medical need exists if the failure to treat a prisoner's condition could result in further significant

14   injury or the unnecessary and wanton infliction of pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059

15   (9th Cir. 1992) (internal citations and quotations omitted) *overruled on other grounds in WMX

16   Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

17         Second, a prisoner must also show that the prison official acted with deliberate indifference

18   in causing the deprivation. *Toguchi*, 391 F.3d at 1057.  That is, the prison official must "know[] of

19   and disregard[] an excessive risk to inmate health and safety." *Gibson v. County of Washoe,

20   Nevada*, 290 F.3d 1175, 1187 (9th Cir. 2002).  Under this subjective approach, the prison official

21   "must both be aware of facts from which the inference could be drawn that a substantial risk of

22   serious harm exists, and he [or she] must also draw the inference." *Farmer*, 511 U.S. at 837.

23         "[A] complaint that a physician has been negligent in diagnosing or treating a medical

24   condition does not state a valid claim of medical mistreatment under the Eighth Amendment.

25   Medical malpractice does not become a constitutional violation merely because the victim is a

26   prisoner." *Estelle*, 429 U.S. at 106.  Moreover, demonstrating a difference of opinion between

27   medical professionals with respect to the appropriate course of treatment typically will not evince

28   that the followed course of treatment constitutes deliberate indifference to serious medical needs.

7

1   *Toguchi*, 391 F.3d at 1059-60.  Likewise, a difference of opinion between the prisoner and the

2   treating physician regarding the appropriate course of treatment also will not demonstrate that the

3   followed course of treatment amounts to deliberate indifference to serious medical needs.  *Id.* at

4   1058; *see also*, *Franklin v. State of Or., State of Welfare Division*, 662 F.3d 1337, 1344 (9th Cir.

5   1981) ("A difference of opinion between a prisoner-patient and prison medical authorities regarding

6   treatment does not give rise to a § 1983 claim.").  Instead, the plaintiff "must show that the course

7   of treatment the doctors chose was medically unacceptable under the circumstances [and that the

8   doctors] chose this course of conduct in conscious disregard of an excessive risk to plaintiff's

9   health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations and quotations

10  omitted).

11          Both Thor and Traquina respectively present sufficient evidence demonstrating that plaintiff

12  will be unable to prove that Thor, in denying plaintiff's first-level appeal, and Traquina, in denying

13  plaintiff's second-level appeal, were deliberately indifferent to plaintiff's serious medical needs.

14  Thor and Traquina initially argue that the state court has already found that Kofoed was not

15  negligent in the performance of surgery on plaintiff's left shoulder and did not alter the surgical

16  consent form.  Therefore, Thor and Traquina did not deprive Lyons of his the Eighth Amendment

17  right by denying Lyons's administrative inmate appeals that are grounded on the allegations against

18  Kofoed determined by the state court to be meritless.

19          However, this court, in granting Kofoed's related motion for summary judgment, refrained

20  from giving preclusive effect to the state court judgment.  Accordingly, due to the same concerns

21  regarding the preclusive effect of the state court judgment as stated in this court's order granting

22  Kofoed's summary judgment motion, the court here will not base its decision granting Thor and

23  Traquina summary judgment merely on the preclusive effect of the state court findings.

24  Nonetheless, in granting Kofoed's motion for summary judgment, the court concluded that plaintiff

25  failed to produce sufficient admissible probative evidence creating a genuine issue of material fact

26  as to whether Kofoed deprived Lyons of his Eighth Amendment rights in performing surgery on

27  plaintiff's left shoulder.

28

1    Indeed, this court's order concluding that Kofoed is entitled to judgment as a matter of law

2    as to plaintiff's Eighth Amendment claim against him significantly undermines plaintiff's claim that

3    Thor and Traquina deprived Lyons of his Eighth Amendment rights by denying his administrative

4    appeals which merely challenged Kofoed's medical treatment of plaintiff.  Thor and Traquina in

5    their separate declarations state that they:  (1) reviewed plaintiff's medical records and (2)

6    determined that plaintiff was interviewed by a medical doctor as part of his appeals process on

7    February 11, 2004.  Based on plaintiff's medical records as well as his appeals interview, both Thor

8    and Traquina found that no evidence supported plaintiff's contention that he was misled by Kofoed

9    as to the nature of his left shoulder surgery and found that uncontradicted evidence shows that

10   Kofoed provided plaintiff adequate and appropriate medical care during the surgery.  These

11   declarations and the exhibits attached thereto show that Lyons was provided reasonable and

12   necessary care and treatment for his injured left shoulder.  On the other hand, plaintiff failed to

13   come forward with any evidence that establishes a genuine issue of fact regarding whether Thor or

14   Traquina, in denying plaintiff's inmate appeals, were presented with facts from which an inference

15   could be drawn by them that plaintiff faced a substantial risk of serious harm if his appeal seeking,

16   *inter alia*, additional corrective surgery (allegedly needed because of Kofoed's inadequate surgery)

17   was not granted and whether Thor and Traquina actually drew such an inference.  Absent such

18   evidence, the court concludes as a matter of law that the conduct of Thor and Traquina in denying

19   Lyons's administrative appeals at the first and second levels, respectively, did not constitute a

20   deliberate indifference to plaintiff's serious medical needs.  Therefore, the court will grant Thor's

21   and Traquina's motion for summary judgment.  Because summary judgment on plaintiff's Eighth

22   Amendment deprivation claim in favor of defendants is granted for the reasons stated above, the

23   court will not address defendants' additional contention that they are entitled to qualified immunity

24   and that the instant motion should be granted on that basis.

25          **2.     Fourteenth Amendment**

26          To the extent plaintiff is attempting to allege that Thor and Traquina deprived him of his

27   Fourteenth Amendment procedural due process rights through their administration of the state

28   prison grievance procedure (*see*, *e.g.*, his allegations that Thor and Traquina should have

interviewed him personally in ruling on his inmate appeals rather than delegating a general prison

staff doctor to conduct the interview  regarding the subject matter of his inmate appeals),[4] this claim

fails as a matter of law.  An inmate grievance procedure, standing alone, does not create a protected,

substantive liberty interest requiring the procedural due process protections of the Fourteenth

Amendment.  *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of

entitlement to a grievance procedure"); *Shango v. Jurich*, 681 F.2d 1091, 1100 (7th Cir. 1982) ("[A]

state created procedural right is not itself a liberty interest within the meaning of the Fourteenth

Amendment."); *Stewart v. Block*, 938 F. Supp. 582, 588 (C.D. Cal. 1996) ("The Constitution creates

no entitlement to prison grievance procedures."); *Azeez v. DeRobertis*, 568 F. Supp. 8, 11 (N.D. Ill.,

1982).  Consequently, Thor and Traquina are entitled to summary judgment as to plaintiff's

apparent effort to allege a claim that the prison grievance procedure was constitutionally inadequate

under the Fourteenth Amendment to the United States Constitution and that, as participants in that

grievance process, defendants deprived Lyons of his Fourteenth Amendment right to procedural due

process.  To repeat, the prison administrative grievance procedure is not subject to due process

protection and defendants' stated involvement in that process did not deprive plaintiff of his

Fourteenth Amendment right.

**IV.     Disposition**

        For the foregoing reasons, the court orders that the summary judgment motion of defendants

Alvaro C. Traquina, M.D., and Daniel E. Thor, M.D., be granted as to all claims against them by

plaintiff Barney O. Lyons in the federal first amended complaint.


        DATED:  January 11, 2011


                                                */s/Robert J. Timlin*
                                                ROBERT J. TIMLIN
                                                United States District Judge

---

        [4]     The court notes that defendant Traquina states in his declaration that it is standard
procedure for the Chief Medical Officer, in reviewing inmate appeals at the second level, to rely on
findings made by a designated medical officer.